## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JESSE JOSEPH AICH,**

      **Plaintiffs,**

      **v.**                                      **CASE NO.  25-3255-JWL**

**RENO COUNTY CORRECTIONAL**
**FACILITY,  et al.,**

      **Defendants.**

### MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Jesse Joseph Aich is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

## I.  Nature of the Matter before the Court

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983.  Plaintiff is in custody at the Reno County Correctional Facility in Hutchinson, Kansas ("RCCF").  The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff alleges that in 2017 jail deputies Mondragon and Ruthie took Plaintiff to a local hospital where they performed "irrelevant tests."  (Doc. 1, at 2.)  Plaintiff alleges that they then asked him to complete a urinalysis, and he was unable to produce urine.  *Id*.  Plaintiff alleges that they told him to drink water, which he did.  *Id*.  Plaintiff alleges that "not a minute later," they snatched him with the help of hospital staff, held him down, and placed a catheter in Plaintiff's penis.  *Id*.  Plaintiff alleges that this constituted rape.  *Id*.  Plaintiff alleges that for a long time he was fearful that they might do it again.  *Id*. at 3.

Plaintiff names the RCCF, (fnu) Mondragon, (fnu) Ruthie, and the Hutchinson Regional

Hospital as defendants.  Plaintiff seeks monetary damages for being violated and for mental suffering.  *Id*. at 5.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

Plaintiff's claims are based on an incident that occurred in 2017.  The statute of limitations applicable to § 1983 actions is determined from looking at the appropriate state statute of limitations and tolling principles.  *See Hardin v. Straub*, 490 U.S. 536, 539 (1989).  "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . .  In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)."  *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law."  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action."  *Id.* (internal quotation marks and citation omitted).  In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent."  *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006).  A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations.  *Id.* at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009).

It plainly appears from the face of the Complaint that Plaintiff's claims are subject to dismissal as barred by the applicable two-year statute of limitations.  Plaintiff filed his Complaint on November 24, 2025.  Plaintiff's alleged violations occurred in 2017.  It thus appears that any events or acts of Defendants taken in connection with Plaintiff's claims took place more than two years prior to the filing of Plaintiff's Complaint and are time-barred.  *See Fratus v. Deland*, 49

F.3d 673, 674-75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed). Plaintiff has not alleged facts suggesting that he would be entitled to statutory or equitable tolling. Plaintiff should show good cause why his claims should not be dismissed as barred by the statute of limitations.

Plaintiff names the RCCF as a defendant. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL 462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is not a 'person' within the meaning of § 1983."). Plaintiffs' claims against the RCCF are subject to dismissal.

Plaintiff has also names the Hutchinson Regional Hospital as a defendant. Plaintiff must show that a defendant was acting under color of state law as required under § 1983. A plaintiff "must show that the alleged deprivation was committed by a person acting *under color of state law*." *West*, 487 U.S. at 48 (emphasis added). Plaintiff has not shown that the hospital was acting under color of state law.

**IV.  Response Required**

Plaintiff is required to show good cause why his Complaint should not be dismissed as barred by the applicable statute of limitations.  Failure to respond by the deadline may result in dismissal of this matter without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that the Plaintiff is granted until **December 19, 2025,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated November 25, 2025, in Kansas City, Kansas.**

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**