IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JESSE JOSEPH AICH,

    **Plaintiffs,**

    v.                                                      CASE NO. 25-3255-JWL

**RENO COUNTY CORRECTIONAL**
**FACILITY, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Reno County Correctional Facility in Hutchinson, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On November 25, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's response (Doc. 5).[1] Plaintiff's factual allegations and the Court's screening standards are set forth in detail in the MOSC.

Plaintiff's claims are based on an incident that occurred in 2017. The Court found in the MOSC that it plainly appears from the face of the Complaint that Plaintiff's claims are subject to dismissal as barred by the applicable two-year statute of limitations. Plaintiff filed his Complaint on November 24, 2025. Plaintiff's alleged violations occurred in 2017. It thus appears that any events or acts of Defendants taken in connection with Plaintiff's claims took place more than two years prior to the filing of Plaintiff's Complaint and are time-barred. *See Fratus v. Deland*, 49

---

[1] Plaintiff also filed an objection (Doc. 6) regarding the Court's assessment of an initial partial filing fee. Because this case is being dismissed, the Court will not be taking any action on Plaintiff's objection.

F.3d 673, 674-75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed). The Court found that Plaintiff has not alleged facts suggesting that he would be entitled to statutory or equitable tolling, and ordered Plaintiff to show good cause why his claims should not be dismissed as barred by the statute of limitations.

In his response, Plaintiff reargues the facts surrounding his 2017 urinalysis. (Doc. 5, at 1–2.) Regarding the statute of limitations, Plaintiff alleges that "obviously [he] couldn't say anything during the five year incarceration being fearful for [his] life . . .." *Id*. at 2. Plaintiff claims that now that the involved staff members have left, he is able to safely redress this issue. *Id*. at 3.

The Kansas Court of Appeals has suggested in unpublished decisions that the two-year statute of limitations period can be equitably tolled if a plaintiff "has been pursuing his or her rights diligently and some 'extraordinary circumstance stood in [the] way and prevented timely filing.'" *Caballero v. Wyandotte Cty. Sheriff's Dep't*, 789 F. App'x 684, 686 (10th Cir. 2019) (unpublished) (citing *McClain v. Roberts*, ––– Kan.App. –––, 304 P.3d 364, 2013 WL 3970215, at *3 (Kan. Ct. App. Aug. 2, 2013) (unpublished) (alteration in *McClain*) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 391, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013)); *see also Harris v. Neill*, ––– Kan.App. –––, 216 P.3d 191, 2009 WL 3082642, at *6 (Kan. Ct. App. Sept. 25, 2009) (unpublished)). Plaintiff has not shown that he was diligently pursuing his rights, or that any extraordinary circumstance prevented him from filing.

Neither pro se status nor a misunderstanding of law and legal procedure are sufficient to establish extraordinary circumstances. "[I]t is well established that ignorance of the law, even for an incarcerated pro se [plaintiff], generally does not excuse prompt filing." *Caballero*, 789 F. App'x at 687 (citing *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation

marks omitted); *see also McClain*, 2013 WL 3970215, at *3 ("[I]gnorance of the law doesn't entitle a person to equitable tolling of the limitations period.")). Plaintiff has failed to show that he is entitled to equitable or statutory tolling.

Plaintiff continues to allege that the use of a catheter during his 2017 urinalysis constituted sexual assault, and that therefore this case could be brought under 18 U.S.C. § 242 and § 245. Sections 242 and 245 do not provide a private right of action. *See Wood v. Wichita Police Dep't*, 2025 WL 2306213, at *3 (D. Kan. 2025) ("Because 18 U.S.C. § 242 is a criminal statute, it does not provide Plaintiff with a cause of action or a private right of action.") (citing *Tucker v. United States Ct. of Appeals for Tenth Cir.*, 815 F. App'x 292, 294 (10th Cir. 2020) (unpublished) ("Sections 241 and 242 are criminal statutes that do not provide for private civil causes of action. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ('[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.')[.]")); *see also Houck v. Gurich*, 515 F. App'x 724, 724–25 (10th Cir. 2013) (unpublished) ("18 U.S.C. § 242 does not create a private civil cause of action.") (citations omitted); *Hamilton v. Boyd*, 2016 WL 322725, at *3 (D. Colo. 2016) (finding that 18 U.S.C. § 245 is a criminal statute that does not provide the plaintiff with a private cause of action).

Plaintiff has failed to show good cause why this matter should not be dismissed as time-barred. A dismissal as time-barred is for failure to state a claim and is a strike. *Smith v. Veterans Admin.*, 636 F.3d 1306, 1313 (10th Cir. 2011). Therefore, this matter is dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated December 12, 2025, in Kansas City, Kansas.**

                                          **S/ John W. Lungstrum**
                                          **JOHN W. LUNGSTRUM**
                                          **UNITED STATES DISTRICT JUDGE**